IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL K. DESMOND, in his capacity as Chapter 7 Trustee of the bankruptcy estate of MOO & OINK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO BOXED BEEF DISTRIBUTORS, INC.; SEAN CONNOLLY; DUTCH FARMS, INC., TIM BOONSTRA; LOU DONZELLI; and WINDY CITY FOOD DISTRIBUTORS, INC.<br><br>Defendants. | No. 11 C 3545<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Moo & Oink, Inc. ("Moo & Oink") filed suit against various defendants alleging a multitude of federal and state law claims. (R. 93, Second Am. Compl.) Defendant Dutch Farms, Inc. ("Dutch Farms") filed a counterclaim alleging breach of contract and seeking judgment of $146,978.78, plus interest, for unpaid goods that it sold and delivered to Moo & Oink. (R. 47, Defs.' Answer at 27-29.) Dutch Farms also asserted an affirmative defense alleging setoff pursuant to its counterclaim. (*Id.* at 26.) Dutch Farms now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 on its affirmative defense of setoff and its counterclaim for unpaid goods sold and delivered to Moo & Oink in the amount of $143,458.60. (R. 103, Dutch Farm's Mot. at 1.) For the reasons set forth herein, Dutch Farms's motion for summary judgment is granted.

1

## RELEVANT FACTS[1]

Dutch Farms' counterclaim requests judgment against Moo & Oink in the amount of $146,978.78. (Pl.'s Resp. ¶ 2; R. 47, Defs.' Answer at 23.) Dutch Farms claims that Moo & Oink had an account balance owed to Dutch Farms of $146,978.78 as of May 27, 2011. (DF's Facts ¶ 3.) Plaintiff disputes this amount. (Pl.'s Resp. ¶ 3.) In Moo & Oink's answer to the counterclaim, it admitted to owing Dutch Farms $140,319.55. (Pl.'s Resp. ¶ 5; R. 59, Moo & Oink's Answer to Counterclaim ¶ 6.) Dutch Farms filed an unsecured claim with the Bankruptcy Court on October 4, 2011, in the amount of $146,978.78. (Pl.'s Add'l Facts ¶ 9.) On November 1, 2011, Moo & Oink listed Dutch Farms as a creditor in Schedule F of its bankruptcy filings. (Pl.'s Resp. ¶ 7.) Schedule F identified Dutch Farms as holding an unsecured nonpriority claim in the amount of $143,458.60, and it indicated that this amount "[m]ay be set off against [Moo & Oink's] trademark infringement claim against [Dutch Farms]." (*Id.*; DF's Facts, Ex. 2, Moo & Oink's Sched. F.) On January 31, 2012, the United States Bankruptcy Court entered an agreed order to lift and modify the automatic stay in Moo & Oink's bankruptcy to permit Dutch Farms to conduct discovery and to assert its defenses and counterclaims in this case. (Pl.'s Resp. ¶ 8; DF's Facts, Ex. 3, Agreed Order.) The Bankruptcy Court has not yet set a deadline for challenges to any claim filed against the bankruptcy estate. (Pl.'s Add'l Facts ¶ 10.)

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure

---

[1] The Court takes its facts from Dutch Farms's Local Rule 56.1 Statement of Material Facts ("DF's Facts") (R. 103-1), Plaintiff's Local Rule 56.1(b) Response ("Pl.'s Resp.") (R. 116), and Plaintiff's Statement of Additional Facts ("Pl.'s Add'l Facts") (R. 116). As Dutch Farms did not respond to Plaintiff's Statement of Additional Facts, all facts asserted therein are deemed admitted. *See* N.D. Ill. R. 56.1(b).

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, the Court does not evaluate the weight of the evidence, judge the credibility of the witnesses, or determine the ultimate truth of the matter; instead, the Court must ascertain whether there exists a genuine issue of triable fact. *Id.* at 249-50. Summary judgment is not appropriate if there are disputed issues of material fact remaining, or if the Court must make "a choice of inferences" arising from undisputed facts. *Harley-Davidson Motor Co., Inc. v. PowerSports, Inc.*, 319 F.3d 973, 989 (7th Cir. 2003). In deciding a motion for summary judgment, the Court must construe all facts in the light most favorable to the nonmovant and draw all reasonable and justifiable inferences in favor of the nonmoving party. *Anderson*, 477 U.S. at 255; *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). The Court limits its analysis of the facts to the evidence that is presented in the parties' Local Rule 56.1 statements. *See Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000).

## ANALYSIS

The equitable right of setoff is "the right which one party has against another to use his claim in full or partial satisfaction of what he owes to the other." *Studley v. Boylston Nat'l Bank of Boston*, 229 U.S. 523, 528 (1913). A defendant in a civil case may assert a counterclaim of setoff in order to assert its right to use its own claims against the plaintiff to fully or partially satisfy what the defendant may owe the plaintiff as a result of the plaintiff's suit. *See id.*

"Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995).

Here, Plaintiff "does not dispute that Dutch Farms is entitled to a general unsecured claim against the bankruptcy estate for the amount of $143,458.60, subject to rights to set-off by the Trustee." (R. 115, Pl.'s Resp. at 2.) Although Dutch Farms' original counterclaim seeks a setoff of $146,978.78, plus interest, (R. 47, Defs.' Answer at 29), its motion for summary judgment seeks $143,458.60, (R. 103, Dutch Farms' Mot. at 1). Thus, there is no issue of genuine fact as to whether Dutch Farms is entitled to a setoff in the amount of $143,458.60 against the claims filed by Moo & Oink.

## CONCLUSION

For the reasons stated herein, Dutch Farms' Motion for Summary Judgment (R. 103) is GRANTED. Dutch Farms is entitled to set off the amount of $143,458.60 against any amount that may be awarded to Plaintiff in the underlying suit.

ENTERED: _____
Judge Ruben Castillo

**Date: January 29, 2013**